Joseph F. ZIMMER, Plaintiff,

v.

WELLS MANAGEMENT CORP. et al., Defendants.

No. 69 Civ. 2503.

United States District Court,
S. D. New York,
Civil Division.

July 31, 1973.

See, also, D.C., 348 F.Supp. 540.

Schwartzman & Green, New York City (Benjamin H. Schwartzman, New York City, of counsel), for plaintiff.

Herrick, Feinstein, Mendelson & Abramson, New York City (Donald E. Nawi, New York City, of counsel), Clune & O'Brien, Mineola, N.Y. (James M. O'Brien, Mineola, N. Y., of counsel), for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

■ This case was tried without a jury. On June 7, 1973, I dismissed from the bench plaintiff's first cause of action but found for the plaintiff on his second cause of action based on breach of an employment contract. Pursuant to 28 U.S.C. § 1332(b) I assessed costs against the plaintiff because his verdict could not have been expected to exceed $10,000. Defendant now seeks to dissuade me from sustaining the second cause of action; I decline to be dissuaded.

The parties have now stipulated that plaintiff's damages resulting from defendant's breach amount to $4364.63. The sole issues remaining are:

1. Whether judgment is to be entered against both defendants Pro Data Computer Services, Inc. and Wells Management Corp., or only against the latter—and

2. the correct time span on which to compute the interest to which plaintiff is concededly entitled.

■ On the first issue, I find that the plaintiff has failed to establish that defendant Wells Management Corp. assumed any obligation on the employment contract between defendant Pro Data and the plaintiff.

On the second issue, problems are presented as to both the proper starting point from which interest should be calculated, and the proper end-point.

As to the starting point, CPLR § 5001 defines that as "the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Whether such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."

■■ Here the breach concededly occurred on February 14, 1969—the date plaintiff was discharged—but plaintiff was not on that date entitled to the full balance of his salary. Presumably his salary was paid in weekly, bi-weekly, monthly or annual installments. Accordingly, he is entitled to interest on each unreceived salary check from the date that each check would have been paid but for the breach, or alternatively, to interest from a single reasonable intermediate date. In view of the fact that the record as it now stands does not indicate the frequency of plaintiff's salary payments, and that neither counsel has supplied such information, in order to avoid further delay and expense I will in my discretion award interest from June 17, 1969—the midpoint between defendant's breach and the expiration date of the contract.

As to the date *through which* the interest should be computed, defendant contends that interest should stop running as of the earliest date that defendant allegedly offered to "settle" the actions and was rejected by plaintiff.

■■ Plaintiff denies that any firm offer of settlement was ever advanced by defendant. This issue of fact need not be resolved by the Court however, because defendant does not contend that any tender was ever made pursuant to the requirements of CPLR Rule 3219, or that a proper offer to liquidate damages conditionally was made under Rule 3220, or even that a proper written offer to compromise was made under Rule 3221. According to the Commentary accompanying Rule 3221, C3221:3, Professor Wachtell, New York Practice Under the CPLR (Third Ed.) 317–319, and the case law, only a formal tender will stop the running of interest. In this case defendant does not claim any such tender.

Judgment to be entered against defendant Pro-Data Computer Services, Inc., with interest from June 17, 1969. Complaint dismissed against the other defendants. Costs to defendants.